UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-4535(DSD/SER)

John Henry Edmonds,

        Plaintiff,

v.                               **ORDER**

Travis Williams, Daniel
Ledman, Jeffery Waite,
Bradley Schnickel, Cory
Taylor and Chris Smith,
Police Officers,

        Defendants.

    John Henry Edmonds, #209338, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003, pro se.

    C. Lynne Fundingsland, Assistant City Attorney, Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415, counsel for defendants.

    This matter is before the court upon the pro se motion for appointment of counsel[1] and default judgment by plaintiff John Henry Edmonds. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

---

[1] Because the facts and legal issues involved in this matter are not particularly complex, the court will deny the motion for appointment of counsel. See Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).

**BACKGROUND**

This excessive-force dispute arises out of an alleged altercation on August 1, 2011. Edmonds is a federal inmate at MCF Stillwater. On November 12, 2014, Edmonds filed an amended complaint under 42 U.S.C. § 1983. ECF No. 5. Magistrate Judge Steven E. Rau granted Edmonds's application to proceed in forma pauperis on January 12, 2015. ECF No. 9. To effect service of process by the United States Marshal, Judge Rau directed Edmonds to complete a USM-285 form for each defendant.[2] Id.

Edmonds submitted six USM-285 forms on January 21, 2015. ECF No. 11. On each form, Edmonds stated that service should be executed at 1925 Plymouth Ave. N., Minneapolis, MN 55411, the address for the Fourth Precinct of the Minneapolis Police Department. ECF No. 12. On February 2, 2015, the United States Marshal personally served a summons and complaint for each defendant on non-party Officer Scott Buck at the address provided by Edmonds. See id. Defendants Smith, Taylor, and Waite eventually received the summons and complaint through their office mail. Fundingsland Aff. ¶¶ 10-12. There is no indication, however, that Schnickel,[3] Ledman, and Williams were ever served.

---

[2] Defendants include Police Officers Travis Williams, Daniel Ledman, Jeffrey Waite, Bradley Schnickel, Cory Taylor, and Chris Smith.

[3] Edmonds does not seek default judgment against Bradley Schnickel. On February 13, 2015, the court received a letter from
(continued...)

Id. ¶¶ 14-16.  According to the executed USM-285 forms, as well as an entry on the court's docket, the defendants were properly served and were required to submit an answer by February 23, 2015.  ECF No. 12.

Smith, Taylor, and Waite answered the amended complaint on February 27, 2015, and asserted insufficient service of process as an affirmative defense, among others.  ECF No. 14.  On March 10, 2015, Edmonds filed the instant motion for default judgment, arguing that defendants have failed to timely respond.[4]

**DISCUSSION**

An entry of default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).[5]  Generally, a defendant must

---

[3](...continued)
non-party Robert Schnickel stating that he had been inadvertently served.  ECF No. 13.  Edmonds submitted a new USM-285 form for Schnickel, but there is no indication that a new summons has been issued.  See ECF No. 15.

[4] Edmonds also argues that Smith, Taylor, and Waite did not "affirmatively defend plaintiff's sworn allegations."  ECF No. 16, at 2.  The court has reviewed the answer submitted by those defendants and finds that this argument is without merit.

[5] Although Edmonds moves for default judgment, the court will construe the motion as an application for entry of default.  See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a)
(continued...)

serve an answer "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). If a plaintiff fails to properly serve a defendant, however, entry of default is not warranted. See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993) (reversing denial of motion to vacate default judgment as to improperly served defendant); Cambria Co. v. Pental Granite & Marble, Inc., No. 12-228, 2013 WL 1249216, at *9 (D. Minn. Mar. 27, 2013) (setting aside entry of default because the court lacked personal jurisdiction over improperly served defendant).

For service to be effective, the plaintiff must direct a non-party to (1) deliver a copy of the summons and complaint to the individual personally, (2) leave a copy of the documents at the individual's dwelling or usual place of abode with a person of suitable age or discretion living therein, (3) deliver a copy of the documents to an agent authorized to receive service of process, or (4) use any other method authorized by Minnesota law. Fed. R. Civ. P. 4(e). If service is ineffective, the court is not required to dismiss the action as to the improperly served defendants. Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976). Rather, the court may "quash service but retain the case" to allow additional opportunities to effect service. Id.

---

[5](...continued)
must precede a grant of default judgment under Rule 55(b).") (citation and internal quotation marks omitted)).

The court finds that Edmonds has not properly served the defendants. Although Edmonds directed the Marshal to serve the defendants individually, there is nothing in the record showing that the address he provided was correct or that the defendants were personally served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [plaintiff's] responsibility to provide proper addresses for service on [defendants]."); Simmons v. Buescher, No. 92-1341EM, 972 F.2d 354, at *2 (8th Cir. July 7, 1992) (affirming dismissal where plaintiff did not move for an order directing the Marshal to personally serve defendant after learning that service by mail was ineffective). Moreover, there is no indication that Buck was authorized to accept service on behalf of any defendant or that Edmonds met the requirements for service under Minnesota law. As a result, the court finds that entry of default is not warranted.

The court understands that Edmonds may have been misled by the docket entry and executed USM-285 forms indicating that each defendant had been properly served. The court therefore finds that dismissal is not warranted at this time, and that good cause exists to extend the time for Edmonds to properly effect service. See Maxwell v. Golden, 490 F. App'x 845, 846 (8th Cir. 2012) (finding good cause to extend deadline for service where IFP plaintiff had no reason to know "that the docket entry reflecting successfully

executed service ... was erroneous"). As a result, the appropriate remedy is to quash service and allow Edmonds an additional opportunity to serve the defendants. See Haley, 529 F.2d at 79.

Moreover, under the circumstances presented here, the court will only require Edmonds to effect new service on Schnickel, Ledman, and Williams.  The record shows that Smith, Taylor, and Waite have received actual notice of the complaint and that Edmonds substantially complied with Rule 4 when serving these defendants. Smith, Taylor, and Waite also do not argue that they were prejudiced by the manner in which they were served. See Mendoza v. Osterberg, No. 8:13CV65, 2014 WL 3784122, at *5 (D. Neb. July 31, 2014) (requiring pro se plaintiff to effect new service would be a "meaningless exercise" where defendants had actual notice of the lawsuit, pro se plaintiff substantially complied with state and federal law in serving those defendants, and defendants did not allege prejudice).[6]

As a result, if Edmonds wishes to continue pursuing his claims against Schnickel,[7] Ledman, and Williams, he must again submit a

---

[6] Indeed, if Smith, Taylor, and Waite were to bring a subsequent motion to dismiss under Rule 12(b)(5), the appropriate remedy would still be to allow Edmonds to effect new service rather than to dismiss the case.  See Maxwell, 490 F. App'x at 846 (reversing dismissal for lack of service where IFP plaintiff believed he had provided appropriate information to the Marshal and could not know that service was unsuccessful).

[7] The court is not aware of the address or other information that Edmonds listed on his second USM-285 form for Schnickel.  If
(continued...)

properly completed USM-285 form for each of those defendants. It is Edmonds's duty to ensure that the information he provides on the forms will allow the Marshal to render effective service. He must submit those forms within the next thirty days. If he fails to do so and does not show good cause for delay, he risks dismissal for failure to prosecute as to those individuals. <u>See</u> Fed. R. Civ. P. 41(b).

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for appointment of counsel and default judgment [ECF No. 16] is denied;

2. A summons shall be issued for the second USM-285 form that Edmonds submitted for Schnickel, and the United States Marshal shall effect service of process on Schnickel pursuant to that form;

3. Within thirty days after the date of this order, Edmonds must submit a properly completed USM-285 form for Ledman and Williams, as set forth above. If the information that Edmonds provided on his second USM-285 form for Schnickel will not ensure

---

[7](...continued)
the information provided on that form will allow the Marshal to properly serve Schnickel, then Edmonds need not submit a new form. It is Edmonds's duty, however, to ensure that the appropriate information is included or to submit a new form.

that the Marshal effects proper service, Edmonds must submit an additional form for Schnickel as well.  Failure to comply may result in dismissal pursuant to Rule 41(b) as to those individuals;

    4.   If Edmonds timely submits the required forms, a summons shall be issued and the United States Marshal shall effect service of process on each defendant for whom a properly completed form is submitted;

    5.   A copy of this order shall be served together with the summons and Edmonds's amended complaint; and

    6.   Each defendant on whom service of process is properly effected must file a response to Edmonds's amended complaint, notwithstanding the provisions of 42 U.S.C. § 1997e(g).

Dated:  March 26, 2015

                                      s/David S. Doty
                                      David S. Doty, Judge
                                      United States District Court